18367

John W. KAY, Respondent, v. SOUTH CAROLINA PUBLIC SERV-
ICE AUTHORITY and State Workmen's Compensation Fund,
Appellants.

(148 S. E. (2d) 130)

*Messrs. Daniel R. McLeod, Attorney General* and *David
Aiken, Assistant Attorney General,* of Columbia, and *Fran-
cis R. Fant,* of Anderson, *for Appellants,*

*Messrs. Charles Welborn,* of Anderson, and *Wilcox, Har-
dee, Houck & Palmer,* of Florence, *for Respondent,*

June 21, 1965.

TAYLOR, Chief Justice.

This is a Workmen's Compensation case. The agreed facts are that on October 30, 1959, John W. Kay, an employee of the South Carolina Public Service Authority, sustained injuries by accident arising out of and in the course of his employment as a lineman, having sustained electrical burns over his body when he came in contact with high voltage wires. This electrical charge caused him to fall from the pole he was on, resulting in compression fractures of lumbar vertebrae 1 and 2.

Medical care and compensation were provided from the time of his injury until he reached maximum improvement at which time he was given a general disability rating of 35 percent. As a result of the electrical burns and a 35 per cent loss of the functional use of his arm, the question arose as

to the mode of settlement; and Mr. Kay elected to accept compensation payable for disability of the left arm plus $1,700.00 for serious bodily disfigurement.

Thereafter he returned to work and, in time, resumed his former duties as lineman, climbing poles as before, and received as much or more pay than he did prior to the injury of October 30, 1959. On March 16, 1961, Mr. Kay was still employed by the South Carolina Public Service Authority and doing the same type work when his spurs slipped, causing him to slide down the pole, but he succeeded in breaking his fall by tightening his arms around the pole.

Claim was duly filed for injuries received arising out of the accident of March 16, 1961. After numerous hearings, the Hearing Commissioner issued his Award on May 17, 1963, ordering the Appellants to pay compensation and medical benefits for the injuries sustained on March 16, 1961; and Appellants duly filed application for review by the Full Commission. The Majority Commission affirmed the Award of the Hearing Commissioner, and Appellants appealed to the Court of Common Pleas for Horry County; but by consent of the parties, the appeal was transferred to the Court of Common Pleas for Anderson County and heard by the Honorable Frank Eppes, Presiding Judge of the Tenth Judicial Circuit, who subsequently issued his Order sustaining the Commission. Appellants now come to this Court upon exceptions which raise the sole question, as stated by Appellants, of "whether the evidence in this case is sufficient to establish the necessary facts to entitle the claimant to such compensation as was awarded by the Commission" or, stated differently, whether there is evidence to sustain the Award of the Industrial Commission. The Commission found as a fact that on March 16, 1961, claimant "fell, aggravating a preexisting back ailment and by reason of the back ailment became totally disabled. * * * That the employee as a result of the injury of March 16, 1961, has been totally disabled from March 16, 1961, to February 1, 1963, and total disability was continuing on February 1, 1963, and is such that it will continue indefinitely thereafter."

A number of hearings were held with at least four doctors testifying. Their testimony in some respects is irreconcilable. One is of the opinion that claimant still had residual symptoms of the original injury and suffered no injury as a result of the second fall in 1961. The other three were of the opinion that he did suffer injury which aggravated a pre-existing condition, but they differed in their opinion as to the amount of disability, one being of the opinion that he was totally and permanently disabled. All agree, however, that at the time of his first injury he was a well developed man physically but at the time of hearing had a curvature of the spine and walked with a slow, short-gaited walk. One doctor stated that he had seen claimant in a drugstore and without knowing who he was noticed his condition and wondered if it were congenital.

The lay testimony is to the effect that on March 16, 1961, claimant fell six to eight feet down the pole he was climbing when his spurs failed to hold and that he stopped his fall a few feet from the ground by hugging the pole tightly with his arms; that he was unable to continue to work then and has been unable to do any work since; that he suffers pain and weakness of the legs and back "From shoulder to toe. From shoulder to hip to heel," and spends much time in bed.

It would be useless to recite in further detail from the testimony as it is not our duty to weigh the testimony but only to determine whether the record contains competent evidence to support the findings of the Industrial Commission. Is has long been established and needs no citation of authority for the proposition that the facts as found by the fact-finding body are binding upon this Court if there is evidence to support such findings.

In instant case there is ample evidence to support the findings of the Commission, and we are of opinion the appeal from such findings and Award should be dismissed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.